UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND A. GALDI, ROY W.
GALDI and FLORINE M. GALDI,

        Plaintiffs,

                                                  Case No. 05-CV-72607
vs.                                                 HON. GEORGE CARAM STEEH

ENCOMPASS INSURANCE COMPANY,

        Defendant.

_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND (#8)

Plaintiffs Raymond Galdi, Roy Galdi, and Florine Galdi move to remand this lawsuit to Michigan's Wayne County Circuit Court. The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Plaintiffs filed a complaint in state court on June 6, 2005 alleging they were involved in a June 12, 2003 motor vehicle accident in Detroit, Michigan, incurring reasonable and necessary expenses as provided for under the Michigan No-Fault Act ("MNFA"), M.C.L. § 500.3101, et seq.. Plaintiffs allege that defendant Encompass Insurance Company issued an insurance policy under the MNFA that obligated defendant to pay no-fault insurance benefits, but that defendants have refused payment. Plaintiffs seek damages in "a total amount found to be due and owing at the time of trial." Complaint, at 3. Defendant

removed the lawsuit to federal court on June 30, 2005 based on federal diversity jurisdiction under 28 U.S.C. § 1332, alleging that the plaintiffs are each citizens of California, that defendant is a citizen of Illinois as an Illinois corporation with its principal place of business in Northbrook, Illinois, and that the controversy exceeds $75,000.00 considering "the medical benefits sought by the Plaintiffs exceed . . . $100,000.00 . . . , and the Plaintiffs continue to incur medical expense[.]"  Notice of Removal, ¶ 3, at 2.

Plaintiffs filed the instant motion to remand on August 12, 2005 arguing defendant Encompass is a citizen of plaintiffs' home State of California by operation of 28 U.S.C. § 1332(c)(1):

> (c) For the purposes of this section and section 1441 of this title--
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, <u>except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen</u>, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business[.]

(emphasis added).  Plaintiffs rely on <u>Ford Motor Co. v. Insurance Co. of North America</u>, 669 F.2d 421 (6th Cir. 1982) to support their position that defendant is a fellow citizen of California by operation of § 1332(c)(1), thus precluding federal diversity jurisdiction. Plaintiffs also argue remand is required because the defendants cannot meet their burden of demonstrating the plaintiffs' claims exceed the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a) considering none of the plaintiffs are claiming wage loss benefits, nor are any of the plaintiffs currently treating with a medical doctor.

In response, defendant cites <u>Watkins v. Allstate Ins. Co.</u>, 503 F.Supp. 848 (E.D.

Mich. 1980) for the proposition that § 1332(c)(1) does not apply to situations such as this where first-party insureds are suing their insurance company.  Defendant maintains that the "direct action" provision of § 1332(c)(1) applies in situations where an injured party sues an insured tortfeasor's insurer under a third-party claim for insurance benefits.  Defendant maintains Ford involved such a third-party claim, and is therefore inapplicable, as recognized in Spooner v. Paul Revere Life Ins. Co., 578 F.Supp. 369 (E.D. Mich. 1984).  Defendant proffers evidence to support its allegation that the plaintiffs' claims exceed $75,000.00, noting that the plaintiffs have not filed a statement of claimed damages under Eastern District of Michigan Local Rule 81.1(d).

### I.  "Direct Action" Under § 1332(c)(1)

This court previously held in a November 18, 1999 decision that § 1332(c)(1) operated to deem an out-of state insurer a citizen of the same state as the plaintiff insured who was suing for Michigan no-fault benefits.  Faiman v. Travelers Property Casualty, 99-60525 (E.D. Mich. Nov. 18, 1999) (unpublished).  The court reasoned:

> 28 U.S.C. § 1332 (c)(1) expressly applies to "any direct action against the insurer of a policy or contract of liability insurance."  A direct action includes an action brought in contract as well as in tort.  See Tyson v. Connecticut General Life Ins. Co. 495 F.Supp. 240 (E.D. Mich. 1980). Michigan no-fault insurance has been held to equate with liability insurance. See McMurry v. Prudential Property & Casualty Ins. Co., 458 F.Supp 209 (E.D. Mich. 1978).  Thus, by its very terms, 28 U.S.C. § 1332 (c)(1) applies to a contract action filed under a Michigan no-fault insurance policy by a Michigan insured against a foreign insurer, the situation now before the court.
>
> The only Sixth Circuit authority discussing the appropriate scope of this provision is provided in the Ford decision.  See Ford Motor Co., 669 F.2d at 424-425.  The Ford court concluded that the Tyson and McMurry district court decisions contained the correct construction of the 1964 proviso to 28 U.S.C. § 1332, to wit, that 28 U.S.C. § 1332 (c)(1) applies to contract actions brought against an insurer by the insured.  Id., at 425.  The Sixth Circuit

3

> decision in Ford contradicts some lower court attempts to limit the applicability of 28 U.S.C. § 1332 (c)(1) to the particular circumstances of creating "backdoor diversity", the problem that gave rise to the legislation. See Spooner v. Paul Revere Life Ins. Co., 578 F.Supp. 369 (E.D. Mich. 1984); Kosmyna v. Bankers Life and Cas. Co., 550 F.Supp. 142 (E.D. Mich. 1982). The language of the 1964 proviso, however, was interpreted to be inclusive rather than exclusive, encompassing situations beyond those where an insured sues a foreign insurer and bypasses the resident tortfeasor. See Ford Motor Co., 669 F.2d at 424-425.

Faiman, 99-60525, at 3-4 (footnote omitted). The Sixth Circuit in Ford acknowledged that there had been four published decisions from within the Eastern District of Michigan construing the § 1332(c)(1) "direct action" provision in no-fault actions: McMurry, 458 F.Supp at 212 (remanding MNFA claim of vehicle passenger alleged against owner's insurer pursuant to § 1332(c)(1)); Tyson, 495 F.Supp. at 242 (holding that employee's disability claim alleged against employer's non-resident insured was subject to remand under § 1332(c)); Watkins, 503 F.Supp. at 850 (denying motion to remand on holding § 1332(c)(1) "direct action" provision was inapplicable to action for MNFA benefits filed by insured against insurer); Thornton v. Allstate Ins. Co., 492 F.Supp. 645, 648 (E.D. Mich. 1980) (finding removal of taxi-driver's claim for MNFA benefits was proper because claim sounded in contract and insured taxi company was also named as a defendant). The Sixth Circuit compared these four district court cases, concluding that "the decisions in McMurry and Tyson contain the correct view of the applicability of [the "direct action" provision of § 1332(c)(1)] to actions under the [MNFA]." Ford, 669 F.2d at 425. Two years after the Ford decision, in 1984, the district court in Spooner found it was not required to follow Ford because Tyson was not an MNFA case, holding contrary to Ford that the "direct action" provision of § 1332(c)(1) was inapplicable to an insured employee's claim for disability benefits as alleged against the non-resident insurer. Spooner, 578 F.Supp. at 372.

More recently, a panel of the Sixth Circuit decided Lee-Lipstreu v. Chubb Group of Ins. Cos., 329 F.3d 898 (6th Cir. 2003), holding that the "direct action" provision of § 1332(c)(1) did not apply where husband and wife plaintiffs sued the wife's employer's insurer under Ohio law pursuant to a Scott-Pontzer claim[1] for underinsured motorists benefits available under a commercial general liability policy issued by the non-resident defendant insurer to the non-party employer.  The Lee-Lipstreu court initially recognized a disagreement among district courts as to whether the "direct action" provision of § 1332(c)(1) divested federal diversity jurisdiction over such claims by deeming the non-resident insurer a citizen of the plaintiff employee's state of residence, with the Sixth Circuit ultimately concluding the "direct action" provision was inapplicable:

> This application of the direct action provision of § 1332(c)(1) ignores a fundamental component of a Scott-Pontzer claim -- that the entire suit rests on the conclusion that the *employee is the insured* under the policy. Thus, in a Scott-Pontzer claim, the insured sues her own insurance carrier. The insured obviously is not joined as a party-defendant because the insured is the plaintiff.  Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity--federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state. We recognize that the direct action provision applies in certain situations involving insureds and insurers, but we conclude that it does not apply here. This result comports with the conclusion reached by our sister circuits that when an injured party sues her own uninsured motorist carrier, it is not a direct action.  See, e.g., McGlinchey v. Hartford Accident & Indem. Co., 866 F.2d 651, 652-53 (3d Cir.1989); Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 847 (10th Cir.1988). We find it unnecessary to elaborate further on the meaning of "direct action" because regardless of the precise definition, the term cannot possibly include Scott-Pontzer claims.

---

[1] The action is named after the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut. Fire & Ins. Co., 85 Ohio St. 3d 660, 710 N.E.2d 1116 (1990), holding that an employee may sue their employer's insurance carrier ro recover underinsured motorist benefits.  See Lee-Lipstreu, 329 F.3d at 899.

> A federal court must consider the regular diversity principles in 28 U.S.C. § 1332 to determine whether it has subject matter jurisdiction over a Scott-Pontzer claim. Here, federal jurisdiction exists because the plaintiffs are citizens of Ohio, and [defendant insurer] Federal is an Indiana corporation with its principal place of business in New Jersey.

Id. at 899-900. Two recent district court decisions out of the Eastern District of Michigan have applied Lee-Lipstreu in holding that the "direct action" provision of § 1332(c)(1) does not apply to lawsuits where a Michigan resident sues their non-diverse insurer for benefits owing under a MNFA insurance policy. See Davis v. State Farm Automobile Ins. Co., 382 F.Supp.2d 957, 959 (E.D. Mich. Aug. 18 2005) (J. Cohn); Scott v. State Farm Mutual Automobile Ins. Co., 04-72255, 2 (E.D. Mich. Aug. 18, 2004) (unpublished) (J. Tarnow).

As defendant points out, the Ford lawsuit involved a third-party claim for MNFA benefits alleged against the non-party tortfeasor's insurer. Ford, 669 F.2d at 422. Here, plaintiffs Galdis are claiming first-party MNFA benefits from their own insurer, defendant Encompass. As in Lee-Lipstreu, the plaintiffs, as the insureds, are obviously not joined as party-defendants. Lee-Lipstreu, 329 F.3d at 899. The Sixth Circuit now clearly rejects applying the "direct action" provision of § 1332(c)(1) to a "dispute solely between an insured and [their] own insurance company," the very circumstance now before this court. Id. at 900. The Lee-Lipstreu decision provides additional Sixth Circuit authority beyond Ford regarding the scope of the "direct action" provision of § 1332(c)(1), authority unavailable to this court when rendering the Faiman decision in 1999. In light of Lee-Lipstreu involving a claim for first-party insurance benefits, and recognizing Ford involved a claim for third-party benefits, this court joins other district courts within the Eastern District of Michigan in holding that a Michigan insured's first-party claims against a non-diverse insurer for benefits owing under a MNFA insurance policy are not subject to remand by operation of the "direct

action" provision of § 1332(c)(1). See Davis, 382 F.Supp.2d at 959; Scott, 04-72255 at 2. Accordingly, plaintiffs' motion to remand premised on the "direct action" provision of § 1332(c)(1) will be denied. See Lee-Lipstreu, 329 F.3d at 899-890.

## II. $75,000.00 Jurisdictional Requirement

Defendant Encompass has the burden of proving by a preponderance of the evidence that plaintiffs' claims will "more likely than not" exceed the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a). Gafford v. General Electric Co., 997 F.2d 150, 155 (6th Cir. 1993). Plaintiffs' complaint alleges entitlement to MNFA benefits as the result of injuries each plaintiff received in a June 12, 2003 motor vehicle accident. Under the MNFA, personal protection insurance benefits are payable for "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." M.C.L. § 500.3107(1)(a). Defendant has proffered June 2004 Neuropsychological Evaluations performed by Ph.D. Robert Elliott upon each of the plaintiffs Raymond, Roy, and Florine Galdi. See Defendant's Exhibits C-E. Dr. Elliott finds that each of the plaintiffs has suffered significant injuries as the result of the June 12, 2003 motor vehicle accident, and that each requires counseling and rehabilitation services. Id. Consistent with Dr. Elliott's assessments and plaintiffs' allegations that defendant has yet to pay any MNFA benefits for reasonably necessary products, services and accommodations required for Raymond Galdi's, Roy Galdi's, and/or Florine Galdi's care, recovery, and rehabilitation from the June 12, 2003 accident, M.C.L. § 500.3107(1)(a), the court finds defendant has met it burden of proving it is more likely than not that each of the plaintiff's claims, filed nearly two years after the accident, exceed the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a). Gafford, 997 F.2d at 155.

For the reasons set forth above, plaintiffs' motion to remand is hereby DENIED.

SO ORDERED.

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

Dated: October 3, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 3, 2005, by electronic and/or ordinary mail.

                                          s/Josephine Chaffee
                                          Secretary/Deputy Clerk