UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND GALDI, ROY W.
GALDI, and FLORINE M. GALDI,

        Plaintiff,

vs.
        Case No. 05-CV-72607
        HON. GEORGE CARAM STEEH

ENCOMPASS INSURANCE COMPANY,

        Defendant.

_____/

ORDER GRANTING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT (# 17) AND RULING ON
THE NO-FAULT ACT'S "ONE-YEAR BACK" RULE

    Defendant Encompass Insurance Company moves for partial summary judgment of plaintiffs' claims for relief under the Michigan No-Fault Act, M.C.L. §§ 500.3101, et seq., and for a ruling on the applicability of the "one-year back" rule of M.C.L. § 500.3145(1). A hearing on the motion was held on July 10, 2006. The motion was taken under advisement pending the results of facilitation. The parties have informed the court that facilitation did not resolve the dispute. The motion is now ripe for adjudication.

    Raymond, Roy, and Florine Galdi filed a complaint in state court on May 19, 2005, alleging they were involved in a June 12, 2003 motor vehicle accident in Detroit, Michigan, and as a result of the accident, they incurred reasonable and necessary expenses compensable under the No-Fault Act. Plaintiffs allege they were insured under an Encompass insurance policy that obligates Encompass to pay no-fault insurance benefits, but that Encompass has refused payment. The matter was removed to federal court on June 30, 2005 based on federal diversity jurisdiction.

## I. Motion for Partial Summary Judgment

Encompass moves for partial summary judgment of the plaintiffs' No-Fault Act claims to the extent plaintiffs seek damages for "attendant care" services and "room and board" expenses. Plaintiffs admitted at the hearing and in answers to interrogatories that they are not seeking "attendant care" services. Plaintiffs also conceded that they are not seeking recovery of "room and board" expenses as described in Griffith v. State Farm Mutual Auto Ins. Co., 472 Mich. 521, 697 N.W.2d 896 (2005) (holding that food expenses are not compensable under the No-Fault Act if the food is neither necessary for rehabilitation or recovery of an insured from injuries sustained in a motor vehicle accident, nor necessary for care of an insured for injuries sustained in the accident). Encompass is entitled to summary judgment of the plaintiffs' claims to the extent plaintiffs seek damages for unpaid insurance benefits for "attendant care" services or "room and board" expenses. See Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (recognizing that summary judgment is appropriate if "one party must prevail as a matter of law").

## II. No-Fault Act's "One-Year Back" Rule

Encompass argues that the No-Fault Act's "one-year back" rule limits the plaintiffs' recovery of damages to one year back from the date this lawsuit was filed, or back to May 19, 2004. Plaintiffs counter that the "one-year back" rule should be tolled because Encompass representatives assured the plaintiffs that they would resolve outstanding benefit claims and protect the plaintiffs' interests while urging the plaintiffs not to hire a lawyer or file a lawsuit because such would be in the plaintiffs' best interests. Plaintiffs also argue that the "one-year back" rule does not apply retroactively to this lawsuit, filed on May 19, 2005, because Encompass did not timely raise and preserve the "one-year back" rule

as a defense.

Sitting in diversity, this court is required to decide an issue of state law as would the highest court of the state. Combs v. International Ins. Co., 354 F.3d 568, 577 (6th Cir. 2004). If given a choice between an interpretation of state law which reasonably restricts liability, and one which greatly expands liability, a federal district court "should choose the narrower and more reasonable path." Id.

Application of the No-Fault Act's "one-year back" rule has been recently addressed by the Michigan Supreme Court. The rule itself is set forth within M.C.L. § 500.3145(1):

> Sec. 3145. (1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. <u>However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.</u> The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.

(emphasis added). On July 29, 2005, the Michigan Supreme Court decided Devillers v. Auto Club Ins. Co., 473 Mich. 562, 702 N.W.2d 539 (2005), holding that the "one-year back" rule must be enforced by courts according to its plain and unambiguous terms. DeVillers, 473 Mich. at 577, 581, 593. Devillers overruled Lewis v. DAIIE, 426 Mich. 93, 393 N.W.2d 167 (1986) and Johnson v. State Farm Mutual Automobile Ins. Co., 183 Mich. App. 752, 455 N.W.2d 420 (1990), which previously combined to hold that the "one-year back" rule tolled from the time an insured notified his insurer of a compensable loss of

which the insurer knew or should have known, until the insurer formally denied coverage or advised the insured that he may be entitled to benefits. The Devillers court applied its holding retroactively to "all pending cases in which a challenge to Lewis' judicial tolling approach has been raised and preserved." Id. at 587. In speaking directly to a court's equitable powers to toll a statute of limitations, Justice Young wrote for the majority:

> Section 3145(1) plainly provides that an insured "may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." There has been no allegation of fraud, mutual mistake, or any other "unusual circumstance" in the present case. Accordingly, there is no basis to invoke the Court's equitable power. Justice Cavanagh errs, as did the Lewis Court, in assuming that equity may trump an unambiguous and constitutionally valid statutory enactment.

Id. at 591.

On July 28, 2006, the Michigan Supreme Court held in Cameron v. Auto Club Ins. Co., 476 Mich. 55, 718 N.W.2d 784 (2006), that the minority/insanity tolling provision of the Revised Judicature Act ("RJA"), M.C.L. § 600.5851(1)[1], does not apply to the "one-year back" rule articulated in M.C.L. § 500.3145(1) of the No-Fault Act. Id. at 58. The Cameron majority reiterated a distinction drawn in Devillers between a statute of limitations for bringing an action to recover no-fault benefits, of which there are two found within M.C.L. § 500.3145(1), and a limitations period for which no-fault benefits may be recovered, being the "one-year back" rule of M.C.L. § 500.3145(1). Cameron, 476 Mich. at 61 (citing DeVillers, 473 Mich. at 574).

By its unambiguous terms, MCL 600.5851(1) concerns when a minority

---

[1] "Sec. 5851. (1) Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852."

4

> or person suffering from insanity may "make the entry or file the action." It does not pertain to the damages recoverable once an action has been brought. MCL 600.5851(1) then is irrelevant to the damages-limiting one-year-back provision of MCL 500.3145(1). Thus, to be clear, the minority/insanity tolling provision in MCL 600.5851(1) does not operate to toll the one-year-back rule of MCL 500.3145(1).

Id. at 62.

Upon consideration of DeVillers and Cameron, the court is convinced that the Michigan Supreme Court would rule that the "one-year back" rule found in M.C.L. § 500.3145(1) limits the recovery of damages for unpaid no-fault insurance benefits to one year back from the time the lawsuit is filed, and is not a statute of limitations subject to tolling. Combs, 354 F.3d at 577. The Devillers decision emphasizes that the "one-year back" rule will be enforced by the Michigan Supreme Court as written, and therefore a no-fault insured suing his insurer to recover previously withheld or unpaid no-fault benefits "may not recover benefits for any portion of the loss incurred more than one year before that date on which the action was commenced." M.C.L. § 500.3145(1). Cameron and DeVillers make clear that the Michigan Supreme Court will continue to differentiate between a statute of limitations that may be tolled by a statutory provision within the RJA, and a damages limitation period during which no-fault benefits may be recovered to which tolling provisions applicable to statutes of limitations will be found "irrelevant." Cameron, 476 Mich. at 62. Tolling a statute of limitations, in the view of a majority of the Michigan Supreme Court, "does not pertain to the damages recoverable once an action has been brought." Id. Following the Cameron decision requiring M.C.L. § 500.3145(1) to be enforced as written as a damages limitation, and the DeVillers decision rejecting equitable tolling of M.C.L. § 500.3145(1), the court is persuaded that the Michigan Supreme Court would hold that the "one-year back" rule of damages would not be "tolled" by allegations of fraud, fraudulent concealment, or estoppel, any more than would an insured's status as

5

a minor or victim of insanity. Cameron, 476 Mich. at 61. Plaintiffs' argument that the "one-year back" rule should be tolled based on alleged representations made by unnamed Encompass representatives "on many occasions over the 23 months between [the] accident and the date [the] no-fault lawsuit was filed" is not well taken[2]. See June 8, 2006 Affidavit of Raymond Galdi, ¶ 5, at 2.

Plaintiffs' argument that Devillers does not apply is not persuasive. Devillers was decided on July 29, 2005, at a time when this lawsuit was pending in federal court, having been removed here on June 30, 2005. The Lewis decision, overruled by Devillers, reasoned that the tolling of the "one-year back" rule was the tolling of *a statute of limitations*. See Lewis, 426 Mich. at 171-172 (citing American Pipe & Construction Co. v. Utah, 414 U.S. 538, 559 (1974) and Steele v. Bliss, 166 Mich. 593, 132 N.W. 345 (1911) as authority for tolling a statute of limitations). Encompass pleaded and filed the affirmative defense that "[t]his matter is barred by any and all applicable Statutes of Limitations" on June 30, 2005, challenging any tolling of the "one-year back" rule as understood by the Lewis court, and later corrected in Devillers, as a statute of limitations. Devillers applies here as a "pending case[] in which a challenge to Lewis' judicial tolling approach has been raised and preserved." Devillers, 473 Mich. at 587. Encompass could not be expected to predict one month prior to the Devillers decision that the Supreme Court would draw an express distinction between the statutes of limitations found within M.C.L. § 500.3145(1), and the "one-year back" rule damages limitation found within M.C.L. § 500.3145(1). Stated differently, Encompass "raised and preserved" a challenge to Lewis by invoking a statute of limitations affirmative defense notwithstanding the later overruling of Lewis by the

---

[2] Plaintiffs have not alleged a claim of fraud, which must be alleged with particularity, alleging the time, place, and content of alleged misrepresentations. Coffey v. Foamex L.P., 2 F.3d 157, 161-162 (6th Cir. 1993); Fed. R. Civ. P. 9(b).

DeVillers court premised in part on the distinction between a statute of limitations and a damages limitation. Plaintiffs' No-Fault Act claims seeking damages incurred prior to May 19, 2004 are barred by application of the "one-year back" set forth in M.C.L. § 500.3145(1) rule as a matter of law. Amway Distributors, 323 F.3d at 390.

### III. Conclusion

Encompass' motion for partial summary judgment is hereby GRANTED. Plaintiffs No-Fault Act claims, to the extent they claim damages for "attendant care" services and "room and board" expenses, and to the extent they claim damages more that one year back from the filing of this lawsuit, or beyond May 19, 2004, are hereby DISMISSED with prejudice.

SO ORDERED.

Dated: December 19, 2006

                                                   s/George Caram Steeh
                                                   GEORGE CARAM STEEH
                                                   UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 19, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---